UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WEALTH2k, INC.,** | ) | CASE NO. 1:19CV1445 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **KEY INVESTMENT SERVICES, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #26) of Defendant Key Investment Services, LLC ("KIS") for Leave to File Amended Answer, Counterclaim and Third-Party Complaint pursuant to Fed.R.Civ.P. 14(a)(1), Fed.R.Civ.P. 15(a)(2) and Fed.R.Civ.P. 21. For the following reasons, the Motion is granted.

**I. BACKGROUND**

Plaintiff Wealth2k, Inc. filed the captioned lawsuit on June 21, 2019, alleging breach of a long-term oral licensing agreement for a web-based software solution for retirement income planning called The Income for Life Model® (IFLM Solution). KIS guaranteed a substantial number of software users (retirement professionals) and Wealth2k agreed to a

deeply-discounted licensing fee per monthly user.

In addition, KIS and non-party Pershing LLC have a confidential agreement by which KIS retirement professionals can access specialized software, such as the IFLM Solution, on their desktop and laptop computers through Pershing's digital infrastructure platform called the NetX360 Dashboard. Pershing provided a monthly IFLM user count to KIS. KIS added $35 per user to its monthly payment to Pershing for the NetX360 Dashboard. Pershing passed on that payment to Wealth2k, less a transaction fee.

On March 1, 2019, KIS instructed Pershing to "cease any future payments to Wealth2k and remove access to the system for all licensed bankers and financial advisors [i.e., KIS Retirement Professionals] on [March 31, 2019]." (Complaint, ECF DKT #1, ¶ 46 and Exhibit 1). The instant lawsuit followed. Wealth2k alleges that it fully performed all of its obligations, and remains ready, willing and able to provide discounted pricing for the IFLM Solution in exchange for at least 1,000 monthly users for the duration of the KIS-Pershing Agreement. Wealth2k asserts claims for Breach of Contract, Promissory Estoppel and Unjust Enrichment/Quantum Meruit against KIS.

In the within Motion, KIS contends that when it received the initial document production from Wealth2k on January 2, 2020, it learned for the first time about a written consulting agreement between David Macchia, founder and chief executive officer of Wealth2k, and Marc Vosen, former chief executive officer of KIS. This consulting agreement was entered into prior to Vosen's retirement and Vosen would directly benefit financially by its terms. KIS argues that this recently-discovered evidence gives rise to potential additional affirmative defenses, counterclaims and third-party claims.

KIS seeks leave to amend its Answer to Counts Two and Three of Plaintiff's Complaint and to file Counterclaims for Tortious Interference with Business Relations and for Civil Conspiracy. KIS also moves to file a Third-Party Complaint against David Macchia and Marc Vosen. The Third-Party Complaint will include a claim for Tortious Interference with Business Relations against Macchia only; a claim for Breach of Fiduciary Duty against Vosen only; a claim for Fraud against Vosen only; a claim for Civil Conspiracy against both Macchia and Vosen; and a claim for Implied Indemnity against Vosen only.

Wealth2k objects on the grounds of prejudice, delay and futility.

## II. LAW AND ANALYSIS

### Motion for Leave to Amend

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

### Delay

Wealth2k opposes the amendment in part because KIS made the request eight months after the case was filed and on the eve of the discovery cut-off. Depositions, therefore, will likely have to be reconvened and document production will need to be expanded in scope. KIS points out that only after it sifted through the Wealth2k documentary discovery provided in January and amounting to 10,500 documents, was the Macchia-Vosen consulting

agreement revealed. KIS filed soon after to amend its pleadings.

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). In addition, when discovery has not been completed, as is the case here, and in light of the impact of the COVID-19 Public Emergency, any prejudice from entertaining an amended pleading is minimal.

**Prejudice**

The Court acknowledges that Wealth2k has already had to defend against a dismissal motion and that discovery will need to be reopened. However, additional discovery will create a time and cost burden for both sides. Furthermore, KIS suggests that if amendment is denied, it will initiate a state court action. If the Court agrees with KIS's request, then at least the parties will be litigating in one forum and will not be risking conflicting rulings.

Addressing the contention that an amendment might necessitate dispositive motion practice, the Sixth Circuit noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

The Court finds that the prejudice factor does not weigh persuasively in Wealth2k's favor.

**Futility**

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) citing *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 518 (6th Cir. 2001).

Wealth2k argues that KIS is seeking to plead a claim for aiding and abetting tortious conduct, which is a questionable cause of action under Ohio law. KIS responds that, despite Wealth2k's characterization, its proposed pleadings set forth a properly-recognized claim for tortious interference with business relations.

Wealth2k also contends that Ohio law does not recognize the claim of civil conspiracy to commit torts; yet, Wealth2k acknowledges that no Ohio court has squarely held that. (ECF DKT #27 at 13). At a minimum, Wealth2k insists that the issue is novel and unsettled and this Court should decline to entertain supplemental jurisdiction. In response, KIS cites to Ohio and federal case law supporting the viability of civil conspiracy claims if there is an actionable underlying tort.

Wealth2k also argues that Counts One through Four of the proposed Third-Party Complaint constitute independent tort claims not indemnity claims, and are procedurally improper under Rule 14 third-party practice. KIS points specifically to its plausible implied indemnification claim against Vosen.

It is clear to the parties and to the Court that additional discovery must be conducted if KIS's amendments are sanctioned. At the very least, to maintain its asserted causes of action, KIS will have to prove knowing and intentional interference; will have to show an agreement between two or more individuals; and will have to demonstrate the existence of an underlying

tort to support civil conspiracy.

In the instant matter, the Court believes that all of the key factors to be considered weigh in favor of allowing KIS to amend. Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir. 2011). Any dispute over the viability of Defendant's claims is more appropriately addressed through dispositive motion practice and not at the pleading stage of the litigation.

### III. CONCLUSION

Therefore, the Motion (ECF DKT #26) of Defendant Key Investment Services, LLC ("KIS") for Leave to File Amended Answer, Counterclaim and Third-Party Complaint is granted. KIS shall file its amended pleading on or before July 16, 2020. Moreover, as the Court previously directed, the parties shall file a joint proposed case management schedule, including a new fact discovery deadline and settlement conference date. The joint proposal shall be filed on or before July 30, 2020.

**IT IS SO ORDERED.**

**DATE: July4, 2020**

     s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**